Filed 8/18/00 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2000 ND 157

Patrick M. Krug, Plaintiff and Appellant

v.

Jody G. Carlson, Defendant and Appellee

Nos. 990262 & 990303

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable Bruce E. Bohlman, Judge.

AFFIRMED.

Opinion of the Court by Kapsner, Justice.

James D. Hovey, Pearson Christensen, P.O. Box 5758, Grand Forks, N.D. 58206-5758, for plaintiff and appellant.

Dale R. Rivard, Grand Forks Child Support Enforcement Unit, P.O. Box 5756, Grand Forks, N.D. 58206-5756, for defendant and appellee.  Argued by Marnie R. Soggie, third-year law student.

Krug v. Carlson

Nos. 990262 & 990303

Kapsner, Justice.

[¶1] Patrick Krug appealed from an amended judgment ordering him to reimburse Jody Carlson for past expenses for their child.  Concluding the trial court did not err in using the child support guidelines to compute a reasonable amount of reimbursement, we affirm.

[¶2] Patrick Krug and Jody Carlson were married on February 14, 1997.  Within weeks, the parties separated and Carlson moved to Minnesota to live with her ex-

husband.  Carlson was pregnant at the time of the marriage.

[¶3] Krug commenced a divorce action in May 1997.  The parties entered into a stipulation agreeing to the divorce and division of property.  The stipulation included the following provision:

PATERNITY:
 That the Plaintiff is determined not to be the father of the Defendant’s unborn child.  All rights and liabilities with regard to the child are hereby terminated.

The trial court accepted the terms of the stipulation except for the paternity provision.  The court entered a divorce judgment but did not determine paternity of Carlson’s unborn child.  Carlson’s daughter was born on September 14, 1997.

[¶4] In January 1999, the Grand Forks Regional Child Support Unit filed an action against Krug on behalf of Carlson and her daughter seeking a determination of paternity and child support.  Blood test results conclusively established Krug was the father of the child.  After a hearing, the court ordered Krug to pay $508 per month for future child support, set a visitation schedule, and ordered reimbursement of past expenses in the amount of $11,432.  Those provisions were incorporated into an amended divorce judgment, and Krug appealed.

[¶5] The parties agree this is an action for reimbursement of past expenses under N.D.C.C. § 14-08.1-01,
(footnote: 0) which provides:

Liability for support.
  A person legally responsible for the support of a child under the age of eighteen years who is not subject to any subsisting court order for the support of the child and who fails to provide support, subsistence, education, or other necessary care for the child, regardless of whether the child is not or was not in destitute circumstances, is liable for the reasonable value of physical and custodial care or support which has been furnished to the child by any person, institution, agency, or county social service board.  Any payment of public assistance money made to or for the benefit of any dependent child creates a presumption that such payment equals the reasonable value of physical and custodial care or support.

As the natural father, Krug had an obligation to provide suitable financial support to his child.  N.D.C.C. § 14-09-08; 
Ackerman v. Ackerman
, 1999 ND 135, ¶ 21, 596 N.W.2d 332.  Therefore, under N.D.C.C. § 14-08.1-01, Krug is liable for the reasonable value of support which has been furnished to the child.

[¶6] Krug asserts Carlson is not entitled to any reimbursement under N.D.C.C. § 14-08.1-01 because she failed to establish the precise amount of past support she has provided to the child.  Citing 
Mougey v. Salzwedel
, 401 N.W.2d 509 (N.D. 1987), Krug argues Carlson must present a detailed itemization of all expenses furnished for the child from her birth in September 1997 through the filing of this action in January 1999.

[¶7] Neither 
Mougey
 nor the statutory scheme require an itemized accounting to support reimbursement of expenses to a custodial parent.  In 
Mougey
, a stepfather brought an action against the natural father for reimbursement of expenses paid for a minor child.  The stepfather testified in general terms about the items provided for the child, and also testified he gave his wife approximately $200 per month for household expenses.  We upheld the judgment awarding reimbursement to the stepfather at the rate of $100 per month.  
Mougey
, 401 N.W.2d at 514.

[¶8] In this case, Carlson testified she has continuously provided all of the care and financial support of the child from the date of birth, except for rent expenses which were provided by her first husband.  Carlson testified that for part of that period she paid $600 per month for daycare expenses.  She has also paid $68 per month for health insurance for the child.  She testified she depleted her savings paying the child’s expenses.  Although Carlson did not fully quantify the total amount of funds expended on the child, her testimony is sufficient to provide a basis for reimbursement.  We have recognized that a custodial parent makes a substantial monetary contribution to the child’s basic care by virtue of being the custodial parent.  
Richter v. Houser
, 1999 ND 147, ¶ 22, 598 N.W.2d 193.

[¶9] Krug also contends the trial court was prohibited from considering the child support guidelines in determining a reasonable amount of reimbursement.  The trial court in this case recognized it was not bound by the child support guidelines, but calculated a reasonable reimbursement based upon the guidelines and Krug’s past income.

[¶10] Krug’s argument fails to recognize the distinction between 
requiring
 usage of the guideline amount and merely considering the guideline amount as evidence to determine a reasonable amount of reimbursement.  The guidelines have been fashioned to estimate the appropriate amount a noncustodial parent should provide for the ongoing support and care of the child.  
See
 N.D.C.C.  § 14-09-09.7(1); 
Richter
, 1999 ND 147, ¶ 22, 598 N.W.2d 193; 
Perala v. Carlson
, 520 N.W.2d 839, 842 (N.D. 1994).  We conclude the trial court did not err in considering the guideline amount when determining reasonable reimbursement under N.D.C.C. § 14-08.1-01.

[¶11] We have considered the other arguments raised and they are either unnecessary to our decision or are without merit.  The amended judgment is affirmed.

[¶12] Carol Ronning Kapsner

Dale V. Sandstrom

William A. Neumann

Mary Muehlen Maring

Gerald W. VandeWalle, C.J.

FOOTNOTES
0:     
Because the parties agree this is an action for reimbursement governed by N.D.C.C. § 14-08.1-01, we need not address the application of N.D.C.C. § 14-17-

14 and cases addressing actions for past child support brought on behalf of the child.  
See
, 
e.g.
, 
Richter v. Houser
, 1999 ND 147, 598 N.W.2d 193; 
Rydberg v. Johnson
, 1998 ND 160, 583 N.W.2d 631.

The parties did not cite N.D.C.C. § 14-09-14, which provides:

When parent not liable for support of child.
  A parent is not bound to compensate the other parent or a relative for the voluntary support of the parent’s child without an agreement for compensation, nor to compensate a stranger for the support of a child who has abandoned the parent without just cause.

See also
 
Richter
, at ¶¶ 14-17.  Section 14-09-14 was repealed by the 1999 Legislative Assembly.  
See
 1999 N.D. Sess. Laws ch. 141, § 25.