2001 ND 47

**Jennifer LUKENBILL and V.M., by and through Helen Nelson as Guardian Ad Litem, Plaintiffs, Appellants and Cross–Appellees,**

v.

**Brian FETTIG, Defendant, Appellee and Cross–Appellant.**

No. 20000184.

Supreme Court of North Dakota.

March 5, 2001.

Henry H. Howe, Howe & Seaworth, Grand Forks, ND, for plaintiffs, appellants, and cross-appellees.

Brian Fettig (on brief), pro se, Fond du Lac, WI, for defendant, appellee, and cross-appellant.

SANDSTROM, Justice.

[¶ 1] Jennifer Lukenbill appealed an amended judgment entered in her paternity and support action against Brian Fettig. Fettig cross-appealed. We affirm in part, reverse in part, and remand for further proceedings because we are unable to discern the evidentiary basis for some of the child support deductions.

## I

[¶ 2] Jennifer Lukenbill is the mother of a child born November 18, 1994. On November 6, 1996, Lukenbill brought a paternity and support action against Fettig. Fettig answered, admitting he is the father of the child, alleging he had been trying to establish his paternity of the child since before her birth, and alleging Lukenbill had been claiming another man was the child's father. On December 10, 1996, the district court entered an order finding Fettig is the father of the child, awarding custody to Lukenbill, setting visitation provisions for Fettig, temporarily setting Fettig's child support obligation at $250 per month from December 1, 1996, and reserving determination of Fettig's obligation for child support and other expenses incurred before December 1, 1996.

[¶ 3] A judgment was filed on December 7, 1998. Lukenbill moved for correction of the judgment. After a hearing, the district court issued findings of fact, conclusions of law, and order for judgment. An amended judgment was entered April 17, 2000, providing, in part:

1. *Child support prior to December 1, 1996*

The Court will not order child support from the child's birth through August of 1996. Commencing in September 1996 [Fettig] is obligated to pay support in the amount of $250.00 per month. . . .

2. *Child support since December 1, 1996*

The Court first finds that the child support established in the Interim Order was just the amount to get child support started with the parties agreeing not to be bound by that amount. For December of 1996 the Court finds that the amount of $250 is correct. Starting with January of 1997 the correct amount should have been $459 per month. This

is [b]ased on a net income of $27,252. This is the amount used by [Lukenbill's attorney] and appears to give [Fettig] the benefit of the doubt concerning deductions.

As for 1998 the correct amount of child support is $443 per month based on the gross income of $64,892. Starting in 1999 the correct amount is $467 based on a gross income of $68,107. As for the year 2000, the amount due per month is $467 and if $250 per month has been paid, then the arrearage for 2000, through March, is $651. The Court has not allowed the extended visitation credit, as there has not been extended visitation.

The judgment provided Fettig "shall be able to claim [the child] as a tax exemption" for the years 2000 through 2004 if he is "current for the tax year on the ongoing child support obligation," and provided the parties would be responsible for their own attorney fees and costs. Lukenbill appealed, and Fettig cross-appealed.

[¶ 4] The trial court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. §§ 14–07–07 and 27–05–06. The appeal and the cross-appeal[1] were timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28–27–01.

## II

### A

■ [¶ 5] Lukenbill contends the district court's failure to order child support from November 18, 1994, through August 31, 1996, was an abuse of discretion.

■ [¶ 6] Before July 1, 1999, N.D.C.C. § 14–17–14(4) provided that in judgments determining the existence or nonexistence of a parent-child relationship,

"[t]he court may limit the father's liability for past support of the child to the proportion of the expenses already incurred that the court deems just."[2] Under that provision, a court may award past support. *Rydberg v. Johnson*, 1998 ND 160, ¶ 9, 583 N.W.2d 631. "The determination of back child support under N.D.C.C. § 14–17–14(4) lies within the trial court's discretion, and its decision will be reversed on appeal only if the court abused its discretion." *In re S.J.F.*, 2000 ND 158, ¶ 22, 615 N.W.2d 533. A district court abuses its discretion if it acts arbitrarily, capriciously, or unreasonably. *Christl v. Swanson*, 2000 ND 74, ¶ 7, 609 N.W.2d 70. In a memorandum decision, the trial court explained its decision:

The Court will not order child support from the child's birth through August of 1996. During this time [Lukenbill] was holding out Marty [ ] as the father. He was at the birth and it appears that [Lukenbill] did not tell him that he was not the father until about August of 1996. It appears that [Fettig] is actually the one who sent Marty the blood test results. [Lukenbill] had received papers to start the action for child support but she would not sign them.

[Lukenbill] was living on student loans but was sharing living expenses with Marty, who was getting living expense money from his parents. However in September of 1996 she ceased living with Marty.

Starting in September of 1996 she was "on her own" knowing that [Fettig] was the father. During that period of time the Court will find that $250 is the fair amount of child support from September 1996 until the date of the Interim Order starting the child support on December of 1996.

---

1. Upon a showing of excusable neglect, the trial court extended the time within which Fettig could file a notice of appeal.

2. Effective July 1, 1999, N.D.C.C. § 14–17–14(4) provides: "Support judgments or orders for future support must be for monthly payments which must be in amounts consistent with guidelines established under section 14–09–09.7."

We conclude the district court did not abuse its discretion in failing to order Fettig to pay child support through August 31, 1996.

### B

[¶ 7] Lukenbill contends "the Court's award of support in the amount of $250 per month, rather than the guideline calculation of $314.00 per month, during calendar year 1996 was clearly erroneous." The district court may have considered "the guideline amount as evidence to determine a reasonable amount of reimbursement," *Krug v. Carlson*, 2000 ND 157, ¶ 10, 615 N.W.2d 564. Not until July 1, 1999, however, did N.D.C.C. § 14–17–14(4) require the court to calculate past support in accordance with the child support guidelines. We conclude the court did not abuse its discretion in setting Fettig's 1996 child support obligation.

### C

[¶ 8] Lukenbill contends the district court's "determination that Brian Fettig would be obligated to pay" child support of $443 per month for 1998 and $467 per month, beginning in 1999, "constituted an error of law, and was clearly erroneous." Lukenbill also contends the district court's failure to *"clearly set forth how it arrived at the amount of income and level of support ... constitutes reversible error, as a matter of law."*

[¶ 9] We explained review of child support determinations under the child support guidelines in *Buchholz v. Buchholz*, 1999 ND 36, ¶¶ 11, 12, 590 N.W.2d 215:

Child support determinations involve questions of law which are subject to the de novo standard of review, findings of fact which are subject to the clearly erroneous standard of review, and may, in some limited areas, be matters of discretion subject to the abuse of discretion standard of review. A court errs as a matter of law when it fails to comply with the requirements of the Guidelines. "A finding of fact is clearly erroneous if

it is induced by an erroneous view of the law, if no evidence exists to support it, or if, on the entire record, we are left with a definite and firm conviction that a mistake has been made." *Edwards v. Edwards*, 1997 ND 94, ¶ 4, 563 N.W.2d 394 (citing *Surerus v. Matuska*, 548 N.W.2d 384, 387 (N.D.1996)). When a district court *may* do something, it is generally a matter of discretion. *See City of Devils Lake v. Corrigan*, 1999 ND 16, ¶ 13, 589 N.W.2d 579. A district court abuses its discretion when it acts arbitrarily, capriciously, or unreasonably. *Austin v. Towne*, 1997 ND 59, ¶ 8, 560 N.W.2d 895. A district court errs as a matter of law when its fails to make required findings or required findings are not intelligible. *See* Laura W. Morgan, *Child Support Guidelines: Interpretation and Application* (1998) § 4.03(b). (Footnote omitted.) (Emphasis in original.)

As a matter of law, the district court must clearly set forth how it arrived at the amount of income and level of support.

[¶ 10] The district court did not "clearly set forth how it arrived at the amount of income and level of support" in setting Fettig's child support obligation under the child support guidelines, as we required in *Buchholz*, at ¶ 12. Findings are adequate if we can understand from them the factual basis for the court's determination. *Jarvis v. Jarvis*, 1998 ND 163, ¶ 29, 584 N.W.2d 84.

[¶ 11] Fettig presented to the district court worksheets containing his computations for determining his child support obligation for 1998 and 1999. Fettig's computations specified a gross income of $64,892 in 1998 and $68,107 in 1999. Fettig proposed deductions for taxes, social security, medical insurance, and required employee expenses. The district court found $443 per month was the correct amount of child support in 1998 and $467 was the correct amount for 1999, in accordance with Fettig's computations but with-

out adopting Fettig's proposed reductions for extended visitation. Our review has left us unable to clearly discern the evidentiary basis for the proposed deductions for employee expenses presented to the court for arriving at Fettig's net income for calculating the amount of child support under the child support guidelines. We conclude we must reverse the child support obligation of $443 per month for 1998 and $467 per month, beginning in 1999. We further conclude we must remand the matter for redetermination and findings clearly setting forth how the trial court arrived at the amount of Fettig's income and the level of child support required of him, in accordance with *Buchholz*, at ¶ 12.

### D

[¶ 12] The district court allowed Fettig to claim the child as a tax exemption for 2000–2004, if he is "current for the tax year on the ongoing child support obligation." Lukenbill contends giving Fettig the tax exemption for 5 years without requiring Fettig to first pay his child support arrearage, "would bespeak to 'a definite and firm conviction that a mistake has been made' " and was an abuse of discretion.

[¶ 13] In *Mahoney v. Mahoney*, 1997 ND 149, ¶ 21, 567 N.W.2d 206, this Court recognized a court may allocate income tax dependency exemptions, and reviewed an allocation under the "clearly erroneous" standard of review. In its memorandum opinion, the district court explained:

> [Lukenbill] is currently attending school and states that she plans to graduate with a bachelor's degree and then attend dental school. During her student status she will not be in as good of a position to utilize the tax exemption as [Fettig]. Additionally [Fettig] shall be providing a substantial portion of [the child's] living expenses.

From our review of the record, "we are not left with a definite and firm conviction the court made a mistake," *Mahoney*, at ¶ 21, in allocating the dependency exemption to Fettig for 5 years.

### E

[¶ 14] Relying on *Buchholz v. Buchholz*, 1999 ND 36, 590 N.W.2d 215, and N.D.C.C. § 14–17–15, Lukenbill contends the district court's failure to order Fettig to contribute to her costs and attorney fees was clearly erroneous. "Attorney fees are not allowed to a successful litigant unless expressly authorized by statute or agreement." *Erway v. Deck*, 1999 ND 7, ¶ 14, 588 N.W.2d 862. As we recognized in *Buchholz*, at ¶¶ 18 and 19, in a divorce action, a court may award attorney fees under N.D.C.C. § 14–05–23, based upon one spouse's need and the other's ability to pay, and an attorney fee award will not be overturned on appeal unless the court abused its discretion. Lukenbill's reliance on *Buchholz* is misplaced, however, because this is not a divorce case, and *Buchholz* and N.D.C.C. § 14–05–23, therefore, do not apply.

[¶ 15] In an action to determine the existence or nonexistence of a parent-child relationship, N.D.C.C. § 14–17–15 provides a court with discretion to order parties to pay costs "in proportions ... determined by the court," and provides a court with discretion to "award reasonable attorney's fees if an award is permitted under chapter 28–26." Section 28–26–01, N.D.C.C., provides, in part:

1. Except as provided in subsection 2, the amount of fees of attorneys in civil actions must be left to the agreement, express or implied, of the parties.

2. In civil actions the court shall, upon a finding that a claim for relief was frivolous, award reasonable actual and statutory costs, including reasonable attorney's fees to the prevailing party.

Lukenbill has shown neither an agreement about attorney fees nor that Fettig presented a frivolous claim for relief upon which to base an award of costs or attor-

**12**

ney fees under this statute. We conclude the district court did not abuse its discretion in failing to order Fettig to contribute to Lukenbill's costs and attorney fees.

### III

#### A

 [¶ 16] Fettig sought a reduction from the $467–per–month child support awarded from 1999 under N.D. Admin. Code § 75–02–04.1–09(2)(i), which provides the amount of support presumed to be correct under the child support guidelines may be rebutted upon proof of "[t]he reduced ability of the obligor to provide support due to travel expenses incurred solely for the purpose of visiting a child who is the subject of the order." Lukenbill and the parties' child lived in Fargo at the time of the hearing and Fettig lived in Fond du Lac, Wisconsin. The amended judgment provides:

> The visitation costs shall be [Fettig's] responsibility. He has another daughter in Fargo and has relatives that he visits in Jamestown. Additionally, he has been allocated the tax exemption as set forth below.

We conclude Fettig did not meet his burden under N.D. Admin. Code § 75–02–04.1–09(2)(i) to overcome the presumption that the $467 child support under the child support guidelines is the correct amount of child support.

#### B

[¶ 17] Fettig sought visitation of one week per month, a week at Christmas, spring break, alternating holidays, and nine weeks in the summer. The district court awarded Fettig "reasonable visitation, to be arranged by the parties." The amended judgment further provides: "In the event that the parties are not able to agree upon a reasonable visitation schedule, then [Fettig] will be entitled to alternating holidays ... summer visitation for a period of two weeks during the months of June, July, or August in 2000, and three weeks thereafter." Fettig con-

tends he should be awarded the visitation he sought to maintain a parent-child relationship. Visitation with a noncustodial parent is presumed to be in a child's best interest. *Schiff v. Schiff*, 2000 ND 113, ¶ 9, 611 N.W.2d 191. "A trial court's decision on visitation is a finding of fact which will not be reversed on appeal unless it is clearly erroneous." *Id.* at ¶ 10. From our review, we conclude the court's decision on visitation is not clearly erroneous.

### IV

[¶ 18] The amended judgment is reversed as to the amount of child support for 1998 and later, affirmed in all other respects, and remanded for further proceedings in accordance with this opinion.

[¶ 19] GERALD W. VANDE WALLE, C.J., and CAROL RONNING KAPSNER, MARY MUEHLEN MARING, WILLIAM A. NEUMANN, JJ., concur.