2005 ND 180
L.C.V., Plaintiff and Appellant
v.
D.E.G., Defendant and Appellee.
No. 20050008
Supreme Court of North Dakota.
Decided October 26, 2005
Robert J. Schultz and Stephannie N. Stiel (appeared), Conmy Feste, Ltd., P.O. Box 2686, Fargo, N.D. 58108-2686, for plaintiff and appellant.
Maureen Holman, Serkland Law Firm, P.O. Box 6017, Fargo, N.D. 58108-6017, for defendant and appellee.
Opinion of the Court by Crothers, Justice.
Crothers, Justice.
[¶1] L.C.V. ("Lisa")[1] appeals from a district court judgment declaring D.E.G. ("Doug") to be the biological father of A.F.V ("Ann"), awarding Doug custody of Ann with reasonable visitation for Lisa, Ann's mother, and ordering Lisa to pay child support. On appeal, Lisa asserts the district court's custody award is clearly erroneous and the court erred in failing to award Lisa attorney fees and retroactive child support. We affirm the court's award of custody and refusal to award attorney fees, but reverse and remand for redetermination of retroactive child support.

I
[¶2] Ann was born on September 18, 1999. Lisa and Doug have never married, and Lisa filed a paternity action against Doug on June 18, 2003 seeking child support. In response, Doug admitted he is Ann's biological father, and he sought custody and child support from Lisa. After a hearing, the district court awarded primary physical custody to Doug with liberal visitation privileges for Lisa. The court also ordered Lisa to pay child support of $207 per month. Although Lisa requested it, the court did not require Doug to pay retroactive child support for periods when Lisa claims she was Ann's primary caretaker. The district court also did not award either party attorney fees.

II

Custody
[¶3] Lisa asserts the district court's decision to award primary physical custody to Doug is clearly erroneous. In making an initial custody determination the court must award custody based upon the best interests and welfare of the child. In re Griffey, 2002 ND 160, ¶ 5, 652 N.W.2d 351. The best interests and welfare of the child are determined by application of the factors set forth in N.D.C.C. § 14-09-06.2(1). In re Griffey, at ¶ 5. The district court's findings should be stated with sufficient specificity to enable a reviewing court to understand the factual basis for the court's decision although a separate finding is not required for each factor under this statute. Schmidt v. Schmidt, 2003 ND 55, ¶ 6, 660 N.W.2d 196. A court's custody decision is a finding of fact that will not be reversed on appeal unless clearly erroneous. DesLauriers v. DesLauriers, 2002 ND 66, ¶ 6, 642 N.W.2d 892. We exercise a limited review of a child custody award, and the complaining party bears the burden of demonstrating on appeal that a finding of fact is clearly erroneous. Stoppler v. Stoppler, 2001 ND 148, ¶ 7, 633 N.W.2d 142.

A
[¶4] The parties stipulated to appointment of a custody investigator, who concluded in her final report that the parties should share custody, but under a schedule which effectively would make Lisa the primary physical custodian. Lisa asserts the district court arbitrarily disregarded the conclusions of the custody investigator. A district court cannot delegate to a guardian ad litem or other independent investigator its authority to award custody to the parent who will promote the best interests and welfare of the child. Hogan v. Hogan, 2003 ND 105, ¶ 10, 665 N.W.2d 672. It is within the court's discretion to assign the weight given to such evidence. Id. at ¶ 11. The district court referred to the custody investigator's report in its findings. Although the court reached a different result than recommended by the investigator, we conclude the court considered, and therefore did not arbitrarily disregard, her report.

B
[¶5] Lisa asserts the district court's findings of fact number 14 and number 16(d) are clearly erroneous. Those findings state:
14. [Lisa] testified that she was the primary caregiver for [Ann] and that [Doug] only saw [Ann] on occasion and never had any overnights at his home. [Lisa's] testimony in this regard is not credible. The custody investigator, Melissa Lee, in her initial report, introduced as court's Exhibit #1, reported that both parents agreed that [Doug] had shared equal time with [Ann] prior to [Lisa's] commencement of this suit. Ms. Lee confirmed this in her testimony at court. Thus, [Lisa's] testimony that the equal sharing of time was limited to a three-month period is not credible.
. . . .
16. In determining the appropriate custodial placement for a child, the court is to analyze each of the best interest factors found in North Dakota Century Code Section 14-09-06.2(1). Each of the factors is assessed below:
. . . .
d. The length of time the child has lived in a stable satisfactory environment and the desirability of maintaining continuity. For many of the early years of [Ann's] life, [Ann] spent time equally in both [Doug's] home and [Lisa's] home. [Lisa] significantly reduced the amount of time [Ann] spent with [Doug] and [Ann] had a difficult time dealing with this reduction in time with her father.
[Lisa's] home environment has not been a stable environment. [Lisa's] pregnancy with [Ann] was the result of an affair with [Doug] that started while [Lisa] was still married to [another man]. When that relationship was over, she entered into another relationship. [Lisa] has a history of impermanent relationships. She also has a tendency to introduce the new boyfriend to her children quickly, thus increasing the likelihood of problems for the children.
[Doug] is not involved in a relationship. Although he had a recent friendship with another woman, he is not pursuing that relationship at this time. He did not introduce [Ann] to that woman until the relationship had been in place for several months.
[Doug] has the more stable, positive home environment.
Lisa specifically objects to the finding that "[Lisa's] testimony that she was [Ann's] primary caretaker was not credible." Lisa also claims the court's statement that "in her early years [Ann] resided equally with both parties" is clearly erroneous.
[¶6] Regarding the parties sharing of custody, the custody investigator concluded in her December 10, 2003 report:
Both parents claim to be the child's primary caregiver. [Doug] and [Lisa] also stated that up until recently custody has not been an issue even though their relationship ended. Both agree that [Ann] was allowed to see her father whenever she wanted and she spent about equal amount of time with both parents.
Doug testified that prior to he and Lisa breaking up, the time he spent with Ann "was a lot" and before Lisa cut his time with Ann in August 2003 there were "months that went by that I had her a majority of the times." Doug testified that when he and Lisa ended their relationship around Thanksgiving 2002 he told Lisa that he wanted Ann half of the time and Lisa agreed to that. Doug also testified that when Lisa only allowed Ann to spend shorter periods of time with Doug, Ann was having "a hard time going back to moms on a Sunday night. When I would pick her up she would always run to dad." We conclude the district court's findings of fact number 14 and number 16(d) are supported by the evidence and are not clearly erroneous.

C
[¶7] Section 14-09-06.2(1), N.D.C.C., lists the factors the court must consider in awarding custody:
1. For the purpose of custody, the best interests and welfare of the child is determined by the court's consideration and evaluation of all factors affecting the best interests and welfare of the child. These factors include all of the following when applicable:
a. The love, affection, and other emotional ties existing between the parents and child.
b. The capacity and disposition of the parents to give the child love, affection, and guidance and to continue the education of the child.
c. The disposition of the parents to provide the child with food, clothing, medical care, or other remedial care recognized and permitted under the laws of this state in lieu of medical care, and other material needs.
d. The length of time the child has lived in a stable satisfactory environment and the desirability of maintaining continuity.
e. The permanence, as a family unit, of the existing or proposed custodial home.
f. The moral fitness of the parents.
g. The mental and physical health of the parents.
h. The home, school, and community record of the child.
i. The reasonable preference of the child, if the court deems the child to be of sufficient intelligence, understanding, and experience to express a preference.
j. Evidence of domestic violence. . . .
k. The interaction and interrelationship, or the potential for interaction and interrelationship, of the child with any person who resides in, is present, or frequents the household of a parent and who may significantly affect the child's best interests. . . .
l. The making of false allegations not made in good faith, by one parent against the other, of harm to a child as defined in section 50-25.1-02.
m. Any other factors considered by the court to be relevant to a particular child custody dispute.
[¶8] The district court carefully considered the relevant factors under N.D.C.C. § 14-09-06.2(1) to make a custody award in Ann's best interests. The court found that both parents have strong emotional ties to Ann but Doug is best able to provide love and affection to Ann, because Lisa has demonstrated stronger ties to her two older children from a prior relationship and a lesser regard or concern for her relationship with Ann. The court found Doug has the capacity and disposition to best provide guidance and education for Ann. The court also found both parents have the ability to provide for Ann's material needs, but Doug can provide a more stable positive home environment for her. The court found both parents have provided considerable parenting for Ann and both have shared approximately equal time with her prior to commencement of the lawsuit. In essence, the district court found both parents are fit to provide for Ann's care, but Doug is overall the better choice to have primary physical custody of Ann.
[¶9] The district court's choice for custody between two fit parents is a difficult one, and this Court will not retry the case or substitute its judgment for that of the district court when its determination is supported by the evidence. Gonzalez v. Gonzalez, 2005 ND 131, ¶ 12, 700 N.W.2d 711. We will not reverse a court's factual findings merely because we would have viewed the evidence differently, and a choice between two permissible views of the weight of the evidence is not clearly erroneous. Corbett v. Corbett, 2001 ND 113, ¶ 6, 628 N.W.2d 312. We conclude the district court's decision to award primary physical custody to Doug with liberal visitation privileges for Lisa is supported by the record evidence and is not clearly erroneous.

III

Retroactive Child Support
[¶10] Lisa asserts the district court committed reversible error by failing to award her retroactive child support for the time Lisa asserts she was Ann's primary caretaker. Section 14-17-14(4), N.D.C.C.,[2] provides:
Support judgments or orders for future support must be for monthly payments which must be in amounts consistent with guidelines established under section 14-09-09.7.
Child support determinations involve questions of law subject to the de novo standard of review, findings of fact subject to the clearly erroneous standard of review, and may involve matters of discretion subject to an abuse of discretion standard of review. T.E.J. v. T.S., 2004 ND 120, ¶ 4, 681 N.W.2d 444. A court errs as a matter of law when it fails to comply with the requirements of the child support guidelines established by the Department of Human Services. Id. Section 14-09-09.7(3), N.D.C.C., creates a rebuttable presumption the amount of child support resulting from application of the guidelines is the correct amount of child support. T.E.J., at ¶ 4. An award of retroactive child support in accordance with the guidelines is appropriate. Id. at ¶ 9.
[¶11] The district court failed to award retroactive child support to either parent and did not make specific findings or otherwise explain how its decision to not award retroactive support complies with the requirements of the child support guidelines. A district court errs as a matter of law when it fails to make required findings or when the required findings are not intelligible. Lukenbill v. Fettig, 2001 ND 47, ¶ 9, 623 N.W.2d 7. Where the court does not clearly set forth how its child support decision is in compliance with the child support guidelines, or why it has decided to deviate therefrom, it is appropriate to remand for additional findings and a redetermination of the issue. Id. at ¶¶ 10-11. We, therefore, reverse that part of the district court's judgment implicitly denying Lisa's request for retroactive child support and remand for additional findings of fact and a redetermination on that issue.

IV

Attorney Fees
[¶12] Lisa asserts the district court committed reversible error in failing to award her attorney fees under Section 14-17-15, N.D.C.C.,[3] which, at the time these proceedings commenced, provided:
The court may order reasonable fees of experts and the child's guardian ad litem and other costs of the action and pretrial proceedings, including genetic tests, to be paid by the parties in proportions and at times determined by the court. The court may order the proportion of any indigent party to be paid by the county social service board of the county in which the child resides or is found. In addition, the court may award reasonable attorney's fees if an award is permitted under chapter 28-26.
(Emphasis added.)
[¶13] Section 28-26-01, N.D.C.C., provides in relevant part:
1. Except as provided in subsection 2, the amount of fees of attorneys in civil actions must be left to the agreement, express or implied, of the parties.
2. In civil actions the court shall, upon a finding that a claim for relief was frivolous, award reasonable actual and statutory costs, including reasonable attorney's fees to the prevailing party.
[¶14] Attorney fees are not allowed to a successful litigant unless expressly authorized by statute or agreement. Lukenbill, 2001 ND 47, ¶ 14, 623 N.W.2d 7. Under the provisions of N.D.C.C. §§ 14-17-15 and 28-26-01, in effect when these proceedings were commenced, Lisa is not entitled to attorney fees unless the parties have made an agreement for attorney fees or she has shown that Doug presented a frivolous claim for relief. Lukenbill, at ¶ 15. Lisa does not assert the parties agreed to attorney fees or that Doug has presented a frivolous claim. Therefore, we conclude as a matter of law the district court did not err in failing to award Lisa attorney fees for these proceedings.

V

Conclusion
[¶15] In accordance with this opinion, we affirm the district court's award of custody to Doug with reasonable visitation privileges for Lisa and we affirm the court's refusal to award attorney fees for these proceedings. However, we reverse the court's denial of Lisa's request for retroactive child support and remand for findings of fact and a determination on that issue.
[¶16] Daniel J. Crothers
Mary Muehlen Maring
Carol Ronning Kapsner
Laurie A. Fontaine, D.J.
Gerald W. VandeWalle, C.J.
[¶17] The Honorable Laurie A. Fontaine, D.J., sitting in place of Sandstrom, J., disqualified.
NOTES
[1] The names of the parties and the child in this case are pseudonyms.
[2] Chapter 14-17, N.D.C.C., was repealed in 2005 by the legislature. 2005 N.D. Sess. Laws ch. 135, § 11. That legislation reenacted the Uniform Parentage Act under N.D.C.C. ch. 14-20. Regarding support orders in paternity cases, the new legislation provides under Section 14-20-57(4):

The order may contain any other provision in the best interest of the child, including payment of support, payment of expenses of the mother's pregnancy and confinement, custody of the child, visitation with the child, and furnishing of bond or other security for payment of support. A support order must be for a monthly payment in an amount consistent with the guidelines established under section 14-09-09.7 and must be subject to section 14-09-08.1. All remedies for the enforcement of support, custody, and visitation orders apply. The court has continuing jurisdiction to modify an order for future support and, subject to section 14-09-09.6, custody of and visitation with the child.
The enacting legislation specifically provides that a proceeding to adjudicate parentage which was commenced before the effective date of the chapter is governed by the law in effect at the time the proceeding was commenced. 2005 N.D. Sess. Laws ch. 135, § 12.
[3] The 2005 legislation reenacting the Uniform Parentage Act under N.D.C.C. ch. 14-20, including N.D.C.C. § 14-20-57(5), provides for an award of reasonable attorney fees in actions to establish parentage:

Except as otherwise provided in subsection 6, the court may assess filing fees, reasonable attorney's fees, fees for genetic testing, other costs, and necessary travel and other reasonable expenses incurred in a proceeding under sections 14-20-36 through 14-20-58. The court may award attorney's fees, which may be paid directly to the attorney, who may enforce the order in the attorney's own name.
This statute does not apply, because the proceeding to adjudicate parentage was commenced before the effective date of the legislation. 2005 N.D. Sess. Laws ch. 135, § 12.