2002 ND 160

In the Interest of Shaleen Marie GRIFFEY.

Marcy Noel Huntress, Plaintiff and Appellee,

and

Daniel P. Richter, Director of Ward County Social Service Board, Plaintiff,

v.

Wayne Allen Griffey, Defendant and Appellant.

No. 20020063.

Supreme Court of North Dakota.

Oct. 15, 2002.

Carrie L. Francis, Legal Assistance of North Dakota, Minot, ND, for plaintiff and appellee Marcy Noel Huntress.

Paul M. Probst, Probst Law Firm, Minot, ND, for defendant and appellant.

KAPSNER, Justice.

[¶1] Wayne Griffey appeals from the trial court's amended order, challenging the trial court's denial of his motion for custody. The trial court erred when it failed to make any findings of fact regarding its custody determination. We reverse and remand for further proceedings consistent with this opinion.

## I.

[¶2] Marcy Huntress and Wayne Griffey are the parents of a child born on September 6, 2000. Huntress and Griffey have never been married. On September 7, 2000, Griffey and Huntress executed a North Dakota Acknowledgment of Paternity. Prior to the instant case, no formal custody determination had been issued by a court.

[¶3] With the exception of two occasions, custody of the minor child has been with Huntress since the child was born. By agreement of the parties, custody was informally changed from Huntress to Griffey while Huntress was completing chemical dependency treatment. While Huntress was in treatment, Griffey filed a complaint, in a proceeding separate from this action, seeking custody of the child due to Huntress' participation in a drug treatment program. Griffey initiated the proceeding to determine custody. However, the judge (not the same judge who presided in the matter on appeal) held that Griffey did not have standing to bring the custody action. The judge concluded that prior to contesting custody, Griffey must initiate a paternity action under N.D.C.C. § 14–17–05, to determine the father and child relationship. No appeal was taken from the trial court's order in the earlier proceeding. As a result of the order, the child returned to Huntress after Huntress completed the treatment program. On another occasion, Huntress' sister cared for the child while Huntress was in the hospital after an adverse reaction to a prescription drug. At this time, Huntress had physical custody of the child and Griffey was permitted reasonable visitation upon reasonable notice.

[¶4] On June 1, 2001, a complaint was filed by the Ward County Social Services Board on behalf of Huntress against Griffey for support of the child. Griffey filed a motion for custody on October 3, 2001. Griffey's motion for custody was denied on December 19, 2001, without the trial court issuing any findings of fact in its memorandum opinion. On January 4, 2001, Griffey requested, by letter to the court, that the court issue factual findings regarding its custody determination.[1] The

---

1. N.D.R.Civ.P. 7(b), provides, an application to the court shall be made by motion and Rule 3.2, N.D.R.Ct., requires that notice be served with a motion. The informality and improper procedure of conversing with the court by letter rather than by motion creates problems of notice and uncertainty about what is expected of the other side. Such improper procedure ought not to be encouraged by the trial court.

order formally awarding Huntress custody was signed on January 10, 2002, without containing any findings of fact. On January 11, 2002, the Regional Child Support Enforcement Unit informed the court, also by letter, that the order of January 10, 2002, omitted several elements required by statute.[2] The trial court entered an amended order on January 14, 2002, to comply with the statute.

## II.

[¶5] The standard the trial court must apply in the initial custody determination is the best interests and welfare of the child. *DesLauriers v. Des-Lauriers*, 2002 ND 66, ¶5, 642 N.W.2d 892. To determine the best interests and welfare of the child, the court is required to apply the factors set forth in N.D.C.C. § 14–09–06.2. *Id.* A trial court's determinations concerning child custody are treated as findings of fact that are subject to the clearly erroneous standard of review on appeal. *Id.* at ¶6. A finding of fact is clearly erroneous when it is induced by an erroneous view of the law, when there is no evidence to support the decision, or if, although there is some evidence to support the decision, the Court is left with a firm and definite conviction based on all the evidence that a mistake has been made. *Ramstad v. Biewer*, 1999 ND 23, ¶10, 589 N.W.2d 905.

[¶6] Rule 52(a), N.D.R.Civ.P., in part, provides:

In all actions tried upon the facts without a jury or with an advisory jury, the court shall *find the facts specially* and state separately its conclusions of law thereon and direct the entry of the ap-

propriate judgment; ... Requests for findings are not necessary for purposes of review.... It will be sufficient if the findings of fact and conclusions of law are stated orally and recorded in open court following the close of the evidence or appear in an opinion or memorandum of decision filed by the court.

(Emphasis added). The purpose of this rule is to enable the appellate court to understand the factual determination made by the trial court as the basis for its conclusions of law and the judgment entered. *DeForest v. DeForest*, 228 N.W.2d 919, 924 (N.D.1975).

[¶7] In the interest of judicial economy, we have affirmed judgments based upon mislabeled findings. *Skoglund v. Skoglund*, 333 N.W.2d 795, 796 (N.D.1983) (citing *Jahner v. Jacob*, 233 N.W.2d 791, 798 (N.D.1975)). In addition, we have said that a transcribed oral opinion may be the source of findings. *Soby Constr., Inc. v. Skjonsby Truck Line*, 275 N.W.2d 336, 341 (N.D.1979). However, we have never sanctioned avoidance of the requirements of Rule 52(a), N.D.R.Civ.P. *Skoglund*, 333 N.W.2d at 796.

## III.

[¶8] Before we can make a determination of whether the findings of fact are clearly erroneous, we must understand the basis for the trial court's decision. *DeForest*, 228 N.W.2d at 924. Although a separate finding is not required for each factor under § 14–09–06.2, N.D.C.C., the court's findings should be stated with sufficient specificity to enable a reviewing court to understand the factual basis for the trial court's decision. *Peek v. Berning*, 2001

---

**2.** The original order failed to set a date when the child support payments were due and failed to state when child support will terminate. In addition, the original order did not calculate the arrearage due, the arrearage payment amount, or how to make and send child support payments. Further, the original child support obligation did not indicate it was subject to immediate income withholding.

ND 34, ¶ 6, 622 N.W.2d 186. Even when the trial court does not fully explain its decision, the decision should not be upset when valid reasons are fairly discernible, either by deduction or inference. *Gould v. Miller*, 488 N.W.2d 42, 44 (N.D.1992) (citing *Ness v. Ness*, 467 N.W.2d 716, 718 (N.D.1991)).

[¶ 9] The record does not reflect what the trial court considered when it made its custody determination. The trial court's amended order contains the following language with respect to custody of the child:

1. That the Defendant's motion for custody is denied.

2. That the plaintiff Marcy Huntress shall have the continued care, custody, and control of the minor child and the Defendant shall have reasonable visitation rights upon reasonable notice including the following:

Saturday and Sunday visitation on alternating weekends commencing at 10:00 a.m. on Saturday, January 5, 2002, and continuing until Sunday, January 6, 2002, at 6:00 p.m. The Defendant will also have his child with him on Father's Day, Memorial Day, and Labor Day. If these weekends are long weekends he will have the child from Saturday until 6:00 p.m. on Monday. The parties will alternate the Thanksgiving and the Easter weekends with the Plaintiff having those holidays in 2002. Until the child reaches school age (kindergarten) the Plaintiff will have the child with her at Christmas time until 10:00 a.m. on Christmas Day when the Defendant will have his daughter with him until 6:00 p.m. on December 26th.

The trial court's findings of fact are inadequate with regard to the question of the best interests of the child. The record, in its entirety, does not reflect the basis for the trial court's determination regarding custody, thus we are unable to properly review the trial court's decision. *See Gould*, 488 N.W.2d at 44 (stating that although the trial court's findings and conclusions "are hardly a model of clarity or completeness," the trial court's decision will not be upset when the court's oral comments convey an adequate comprehension of its reasoning).

[¶ 10] Because Rule 52(a), N.D.R.Civ. P., was not complied with, it is impossible for us to determine whether the trial court's determination of custody of the child is clearly erroneous. Accordingly, we reverse and remand with directions to make findings of fact concerning the custody determination.

[¶ 11] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, WILLIAM A. NEUMANN, and MARY MUEHLEN MARING, JJ., concur.