2005 ND 98

NORTH DAKOTA HUMAN RIGHTS
COALITION, a North Dakota non-
profit corporation; Richard Folstrom,
Christopher Beeter, Shelly Ann Peter-
son, Jerry Zillier, Dave Shove, Charles
Stebbins, and Patricia Villanueva (le-
gal guardian for Lisa Villanueva); in-
dividually, and on behalf of all others
similarly situated, Plaintiffs and Ap-
pellees

v.

Leann K. BERTSCH, Commissioner,
North Dakota Department of Labor,
Defendant and Appellant.

No. 20040297.

Supreme Court of North Dakota.

May 17, 2005.

Mark G. Schneider, Schneider & Schneider, Fargo, N.D., for plaintiffs and appellees.

Douglas A. Bahr, Solicitor General, Office of Attorney General, Bismarck, N.D., for defendant and appellant.

SANDSTROM, Justice.

[¶ 1] The Commissioner of the North Dakota Department of Labor ("Commissioner") appealed from an order certifying a class action for individuals who have filed discriminatory practice complaints with the Commissioner and have not received a probable cause determination and from an order denying the Commissioner's motion to alter or amend the order certifying the class action. We conclude the trial court's explanation for granting class certification is insufficient to understand the basis for its decision. We reverse and remand.

I

[¶ 2] The North Dakota Human Rights Coalition ("Coalition"), a North Dakota non-profit corporation, and seven persons, individually and on behalf of all others similarly situated, sued the Commissioner, challenging the Commissioner's "policy of failing and refusing to perform his mandatory, nondiscretionary duties" under N.D.C.C. § 14–02.4–23(2) and (3). The plaintiffs alleged the Commissioner failed to "determine from the facts whether probable cause exists to believe that a discriminatory practice has occurred" for the vast majority of discriminatory practice complaints filed with the Commissioner. The plaintiffs also alleged the Commissioner refused to provide administrative hearings for individuals alleging violations of their human rights "even though the Commissioner has found '. . . probable cause exists to believe that a discriminatory practice has occurred and [the Department of Labor] is unable to resolve the complaint through informal negotiations or conciliation.' " The plaintiffs sought declaratory relief and a writ of mandamus to compel the Commissioner (1) to promptly determine from the facts whether probable cause exists to believe a discriminatory practice has occurred for each discriminatory practice complaint that has been, or will be, filed with the Commissioner, and (2) to immediately provide administrative hearings if the Commissioner finds probable cause to believe a discriminatory practice has occurred and is unable to resolve the complaint through informal negotiations or conciliation. The Commissioner moved to dismiss the plaintiffs' complaint, and the plaintiffs sought certification of their lawsuit as a class action.

[¶ 3] After a hearing, the trial court denied the Commissioner's motion to dismiss and construed the Commissioner's obligations under N.D.C.C. § 14–02.4–23, which provides:

1. The department shall investigate complaints of alleged discriminatory practices. An aggrieved person may file a complaint with the department alleging the discriminatory practice. The department may file a com-

plaint. A complaint must be in writing and in the form prescribed by the department.

2. The department shall determine from the facts whether probable cause exists to believe that a discriminatory practice has occurred. If the department determines that no probable cause exists to believe that a discriminatory practice has occurred, the department shall promptly dismiss the complaint.

3. If the department determines that probable cause exists to believe that a discriminatory practice has occurred and is unable to resolve the complaint through informal negotiations or conciliation, the department shall provide for an administrative hearing in the manner provided in chapter 28-32 on the complaint.

The court concluded N.D.C.C. § 14-02.4-23 does not create a mandatory, non-discretionary duty for the Commissioner to make a determination for every discriminatory practice complaint, because the Commissioner has authority to assist the parties in conciliation before, and without, issuing a determination. The court concluded N.D.C.C. § 14-02.4-23 requires the Commissioner to provide an administrative hearing only when probable cause exists and the matter cannot be settled. The court concluded the Commissioner is not required to provide an administrative hearing if, after notification of the right to a hearing, the complaining party does not request a hearing.

[¶ 4] In deciding the named plaintiffs' claims, the trial court ruled the Coalition lacked standing to bring the action in its own right or as a representative of any alleged class. The court decided Richard Folstrom and Christopher Beeter, the two individual plaintiffs who alleged a discriminatory practice that occurred before the August 1, 2001, effective date of N.D.C.C. § 14-02.4-23, had been improperly denied an administrative hearing and ordered the Commissioner to provide them with a hearing as soon as practicable. The court determined there were factual questions about whether the Commissioner had misled two other individual plaintiffs, Shelly Ann Peterson and Jerry Zillier, regarding their right to an administrative hearing. The court decided the remaining three individual plaintiffs, Dave Shove, Charles Stebbins, and Patricia Villanueva, as legal guardian for Lisa Villanueva, had filed discriminatory practice complaints but had not yet received a probable cause determination on their complaints, and the court retained jurisdiction over their claims until the Commissioner issued determinations on their charges, or until the charges were conciliated.

[¶ 5] In considering the plaintiffs' request for class certification, the court said the plaintiffs' proposed class of persons who have filed, or will file, a discrimination charge with the Commissioner was overly broad. The court identified four possible subclasses of plaintiffs: (1) individuals receiving a probable cause determination for alleged discriminatory practices occurring before the August 1, 2001, effective date of N.D.C.C. § 14-02.4-23; (2) individuals who have filed discriminatory practice charges and have not received a probable cause determination; (3) individuals who alleged they have been forced to participate in conciliation; and (4) individuals who have received written notice of a right to an administrative hearing, but who allege they have been misled by subsequent statements from the Labor Department, about the efficacy of a hearing or the relief a hearing could afford. The court determined Shove, Stebbins, and Villanueva, the three individual plaintiffs who had filed discriminatory practice complaints and had

not yet received a probable cause determination, could represent the subclass of individuals who have filed discriminatory practice complaints and have not received a probable cause determination. The court certified their claims as a class action, but declined to certify the other three subclasses as a class action.

[¶ 6] The Commissioner moved to alter or amend the court's order certifying the class action, seeking an order denying certification of any class, or defining the class as plaintiffs who have been harmed because the Commissioner has not promptly or properly investigated their claims of discrimination. The court denied the Commissioner's motion, stating the issue was "the process in which claims requiring a probable cause determination sit and gather dust." The court said "those claims that have met the Department's probable cause test languish with no hearing as required by statute: zero hearings in three years. At this point in time, we simply cannot leave it to the Department to self-determine whether it has met its statutory duties" under N.D.C.C. § 14–02.4–23.

[¶ 7] The trial court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. The appeal is timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, N.D.C.C. § 28–27–02, and N.D.R.Civ.P. 23(d)(3).

## II

[¶ 8] The parties have not challenged the trial court's interpretation of N.D.C.C. § 14–02.4–23, or the court's refusal to certify three of the subclasses identified by the court. Rather, the Commissioner argues the court abused its discretion in certifying a class action for individuals who have filed discriminatory practice complaints and have not yet received probable cause determinations.

[¶ 9] A trial court may certify a lawsuit as a class action under N.D.R.Civ.P. 23 if the court finds the following four requirements: (1) the class is so numerous or so constituted that joinder of all members, whether or not otherwise required or permitted, is impracticable; (2) there is a question of law or fact common to the class; (3) a class action should be permitted for the fair and efficient adjudication of the controversy; and (4) the representative parties fairly and adequately will protect the interests of the class. *Bice v. Petro–Hunt, L.L.C.*, 2004 ND 113, ¶ 6, 681 N.W.2d 74. A trial court may rely on common sense assumptions to support a finding of numerosity, and the requirement for common questions of law or fact is easily satisfied. *Werlinger v. Champion Healthcare Corp.*, 1999 ND 173, ¶¶ 13, 16, 598 N.W.2d 820. In determining whether a class action should be permitted for the fair and efficient adjudication of a controversy, N.D.R.Civ.P. 23(c)(1) outlines thirteen factors the court must consider. The court is not required to specifically address each of the thirteen factors, but the court must weigh the competing factors, and no one factor predominates over the other factors. *Howe v. Microsoft Corp.*, 2003 ND 12, ¶ 9, 656 N.W.2d 285. In determining whether the representative parties fairly and adequately will protect the interests of the class, N.D.R.Civ.P. 23(c)(2) lists three criteria the court must find.

[¶ 10] A court's order of certification must describe the class and state the relief sought, whether the action is maintained with respect to particular claims or issues, and whether subclasses have been created. N.D.R.Civ.P. 23(d)(1). Under N.D.R.Civ.P. 23(d)(2), an "order certifying or refusing to certify a class action shall state the reasons for the court's ruling and its findings on the [thirteen] factors listed in [N.D.R.Civ.P. 23](c)(1)."

[¶ 11] A trial court's decision to certify a class action will not be overturned on appeal unless the court abused its discretion. *Bice*, 2004 ND 113, ¶ 7, 681 N.W.2d 74. Similarly, a court's ruling on a motion to reconsider is subject to review under the abuse-of-discretion standard. *Peterson v. Dougherty Dawkins, Inc.*, 1998 ND 159, ¶ 9, 583 N.W.2d 626. A trial court abuses its discretion when it acts in an unreasonable, arbitrary, or unconscionable manner, when its decision is not the product of a rational mental process leading to a reasoned decision, or when it misinterprets or misapplies the law. *Howe*, 2003 ND 12, ¶ 6, 656 N.W.2d 285.

[¶ 12] The trial court explained its decision to certify a class action for individuals who have filed discrimination charges with the Commissioner but have not yet received a probable cause determination:

> With respect to the second class [covering individuals who have filed charges of discrimination but have not yet received a probable cause determination], the Court finds that Rule 23 certification is appropriate. *See* factors set forth in Rule 23(a), (b)(2)(B), and (c)(1). The class appears to be numerous and common questions of law and fact predominate. In fact, there may be no way to determine the full effect of these claims absent class certification.

> . . . .

> IT IS FURTHER ORDERED that Plaintiffs Shove, Stebbins and Villanueva can represent a class of individuals who have filed charges of discrimination but have not yet received a probable cause determination. Such a class is hereby certified for purposes of achieving a probable cause determination as to the merits of their claims pursuant to Rule 23(d)(1). The remaining requests for class certification are denied for the reasons set forth above.

[¶ 13] The Commissioner argues the trial court misapplied the law, because the court failed to make adequate findings regarding the four requirements for class certification and the court failed to identify the claims or issues related to the certified class, the relief sought by the certified class, the rationale for the decision to certify the claims as a class action, and the findings on the thirteen factors in N.D.R.Civ.P. 23(c)(1). The Commissioner argues the certified class is too broad, because it does not include any claim of undue delay by the Commissioner and it includes some persons who have filed discriminatory practice complaints and have not been injured by any wrongdoing by the Commissioner. The Commissioner argues class certification is not necessary in this case, because any relief granted to the individual plaintiffs will be identical to the relief granted to the class. The plaintiffs respond the trial court acted within its broad range of discretion in certifying a class action regarding the Commissioner's process for dealing with discriminatory practice complaints under the Human Rights Act.

[¶ 14] The trial court's order for certification said the three representative plaintiffs could represent "a class of individuals who have filed charges of discrimination but have not yet received a probable cause determination. Such a class is hereby certified for purposes of achieving a probable cause determination as to the merits of their claims pursuant to Rule 23(d)(1)." The Commissioner effectively interprets some language in the court's order to mean the class consists of individuals who have filed charges of discrimination and have not received an affirmative determination that there is probable cause to believe a discriminatory practice has occurred. Other language in the court's order, however, suggests the class consists

of individuals who have filed charges of discrimination and have not received any determination about whether there is, or is not, probable cause to believe discrimination has occurred. The language in the court's order is susceptible to different interpretations and may include individuals participating in conciliation, individuals whose claims are being timely and properly investigated, and individuals who have filed a charge and not received a probable cause determination for reasons unrelated to any delay by the Commissioner. Moreover, the court's interpretation of N.D.C.C. § 14-02.4-23 indicates that statute does not "create a mandatory, non-discretionary duty . . . to make a probable cause determination on every charge of discrimination" and "permit[s] the charging party and respondent to conciliate charges of discrimination prior to and without the Department of Labor issuing a determination." The court's interpretation of N.D.C.C. § 14-02.4-23 has not been challenged on appeal and is not consistent with the literal language for certification of "a class of individuals who have filed charges of discrimination but have not yet received a probable cause determination." We conclude the trial court's order for certification does not clearly define the class.

[¶ 15] We have consistently construed N.D.R.Civ.P. 23 to provide an open and receptive attitude toward class actions, see Bice, 2004 ND 113, ¶ 7, 681 N.W.2d 74, and we have said trial courts have broad discretion in determining whether to certify a class action. Peterson, 1998 ND 159, ¶ 9, 583 N.W.2d 626. In other contexts, however, we have required a trial court to state its findings with sufficient specificity to enable a reviewing court to understand the basis for the court's decision. See, e.g., In re Griffey, 2002 ND 160, ¶ 8, 652 N.W.2d 351 (findings of factors for best interests and welfare of child under N.D.C.C. § 14-09-06.2 should be stated

with sufficient specificity to enable reviewing court to understand factual basis for trial court's decision). Here, the court's decision to certify this class action does not provide an adequate explanation for us to understand the basis for its decision. The court's explanation for certification is a conclusory citation to the "factors set forth in Rule 23(a), (b)(2)(B), and (c)(1)," and is contrary to the requirement of N.D.R.Civ.P. 23(d) that the court describe the class and state the reasons for its ruling on certification and its findings on the factors listed in N.D.R.Civ.P. 23(c)(1). Although a trial court is not required to specifically address each of the thirteen factors in N.D.R.Civ.P. 23(c)(1), here the court did not address any of those factors in its decision.

[¶ 16] The plaintiffs nevertheless argue the trial court had the benefit of their exhaustive argument about certification and the court acted within its broad discretion in certifying these claims as a class action. The plaintiffs essentially argue the trial court must have considered all the factors in N.D.R.Civ.P. 23, because the plaintiffs presented those factors to the court in their exhaustive argument. An exhaustive argument to the trial court, however, is not a substitute for a court's explanation of its rationale for granting certification, and we conclude a remand for further proceedings is necessary.

[¶ 17] We nevertheless recognize the trial court's rationale for declining to grant certification for the first, third, and fourth subclasses may apply equally to the class that was certified. In denying certification for those three subclasses, the court said it would not assume the Commissioner would refuse to follow a final court determination with respect to the uncertified claims. The court said it believed it could deal with the claims of the first, third, and fourth subclasses as individual claims, and if the

claims were sustained at trial, fashion broad declaratory relief to protect other, or future, discrimination claimants. The relevant provisions of N.D.C.C. § 14–02.4–23 have not been previously construed by a court, and on reconsideration, the trial court may be able to fashion appropriate declaratory and injunctive relief for all four of the subclasses identified by the court. *See Odden v. O'Keefe*, 450 N.W.2d 707, 710 (N.D.1990) (declining to issue supervisory writ because of confidence that trial judges would act in light of principles set forth in decision). Some other courts have reached a similar conclusion regarding class certification and injunctive and declaratory relief for the duties and responsibilities of public officials. *Kow v. New York City Housing Auth.*, 92 F.R.D. 73, 74 (S.D.N.Y.1981); *Feld v. Berger*, 424 F.Supp. 1356, 1363 (S.D.N.Y.1976); *McDonald v. McLucas*, 371 F.Supp. 831, 833–34 (S.D.N.Y.1974). Those factors may form part of the inquiry for the trial court in its reconsideration of the certification issue on remand.

### III

[¶ 18] We reverse the trial court's decision to certify a class action, and we remand for proceedings consistent with this opinion.

[¶ 19] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, CAROL RONNING KAPSNER, and MARY MUEHLEN MARING, JJ., concur.

[¶ 20] The Honorable WILLIAM A. NEUMANN, a member of the Court when this case was heard, resigned effective March 14, 2005, and did not participate in this decision.