2005 ND 131

**Francisco GONZALEZ, Plaintiff and Appellee**

v.

**Jessica GONZALEZ, Defendant and Appellant.**

**No. 20040374.**

Supreme Court of North Dakota.

July 13, 2005.

Lynn M. Boughey, Boughey Law Firm, Minot, N.D., for plaintiff and appellee.

Faron E. Terry, Terry Law Office, Minot, N.D., for defendant and appellant.

KAPSNER, Justice.

[¶ 1] Jessica Gonzalez appealed from a divorce decree awarding custody of the parties' minor son to his father, Francisco Gonzalez, with reasonable visitation for Jessica Gonzalez. We hold the trial court's custody decision is not clearly erroneous, and we affirm.

I

[¶ 2] Jessica and Francisco Gonzalez were married in 2001 and have one son who was born in September 2001. In December 2003, Francisco Gonzalez brought an action seeking dissolution of the marriage on the ground of irreconcilable differences and requesting custody of the parties' son. Jessica Gonzalez filed an answer and counterclaim also seeking a dissolution of the marriage and custody of the parties' child. After a bench trial, the court granted the parties a divorce and awarded custody of the child to Francisco with reasonable visitation for Jessica Gonzalez.

## II

[¶ 3]  Jessica Gonzalez asserts the trial court's custody decision is clearly erroneous, because the court adopted nearly verbatim the findings of fact proposed by Francisco Gonzalez's attorney without providing any oral decision or written memorandum on the issue.

[¶ 4]  Rule 52(a), N.D.R.Civ.P., provides, in relevant part:

In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment.... Requests for findings are not necessary for purposes of review.... It will be sufficient if the findings of fact and conclusions of law are stated orally and recorded in open court following the close of the evidence or appear in an opinion or memorandum of decision filed by the court.

The purpose of this rule is to enable the appellate court to understand the factual determinations made by the trial court as the basis for its conclusions of law and the judgment entered. *In re Griffey*, 2002 ND 160, ¶ 6, 652 N.W.2d 351.  Even though the initial draft of the court's findings is prepared by trial counsel, the findings become the findings of the court when it affixes its signature to them. *Schmidkunz v. Schmidkunz*, 529 N.W.2d 857, 859 (N.D. 1995).  Although we prefer that trial courts prepare their own findings of fact, the court's adoption of proposed findings by counsel is not reason, by itself, to reverse the court's decision. *Foster v. Foster*, 2004 ND 226, ¶ 10, 690 N.W.2d 197.

[¶ 5]  While the trial judge in this case did not prepare a written memorandum or announce findings orally from the bench, he requested proposed findings by trial counsel and, upon receiving them, reviewed them and made additions and corrections to them before affixing his signature to those findings.  It appears the trial court carefully considered the findings proposed by counsel and did not "rubber stamp" them or sign them without giving due regard to all of the relevant factors involved in reaching a custody decision. We, therefore, reject Jessica Gonzalez's argument the trial court's custody decision is clearly erroneous because the court adopted as its own the proposed findings of fact submitted by opposing counsel.

## III

[¶ 6]  Jessica Gonzalez asserts the trial court erred in not finding domestic violence committed by Francisco Gonzalez sufficient to raise a presumption against awarding custody of the parties' minor child to him.  Under N.D.C.C. § 14–09–06.2(1)(j), a presumption arises against awarding custody to the perpetrator of domestic violence, if the court finds there is an instance of violence resulting in serious bodily injury or there is a pattern of domestic violence within a reasonable time proximate to the custody proceeding:

1.  For the purpose of custody, the best interests and welfare of the child is determined by the court's consideration and evaluation of all factors affecting the best interests and welfare of the child. These factors include all of the following when applicable:

. . . .

j.  Evidence of domestic violence.  In awarding custody or granting rights of visitation, the court shall consider evidence of domestic violence.  If the court finds credible evidence that domestic violence has occurred, and there exists one incident of domestic violence which resulted in serious bodily injury or

involved the use of a dangerous weapon or there exists a pattern of domestic violence within a reasonable time proximate to the proceeding, this combination creates a rebuttable presumption that a parent who has perpetrated domestic violence may not be awarded sole or joint custody of a child. This presumption may be overcome only by clear and convincing evidence that the best interests of the child require that parent's participation as a custodial parent. The court shall cite specific findings of fact to show that the custody or visitation arrangement best protects the child and the parent or other family or household member who is the victim of domestic violence. If necessary to protect the welfare of the child, custody may be awarded to a suitable third person, provided that the person would not allow access to a violent parent except as ordered by the court. If the court awards custody to a third person, the court shall give priority to the child's nearest suitable adult relative. The fact that the abused parent suffers from the effects of the abuse may not be grounds for denying that parent custody. As used in this subdivision, "domestic violence" means domestic violence as defined in section 14–07.1–01. A court may consider, but is not bound by, a finding of domestic violence in another proceeding under chapter 14–07.1.

A trial court's determination whether the presumption is applicable under this subsection is a finding of fact which will not be reversed unless it is clearly erroneous. *Tulintseff v. Jacobsen,* 2000 ND 147, ¶ 16, 615 N.W.2d 129. When a trial court ad-

dresses whether evidence of domestic violence triggers the presumption under this statute, we require specific factual findings and conclusions regarding the presumption so we are not left guessing as to the trial court's reasoning for applying or not applying the presumption. *Reeves v. Chepulis,* 1999 ND 63, ¶ 14, 591 N.W.2d 791. Specific findings are not required when there is insufficient evidence of domestic violence to trigger the presumption. *BeauLac v. BeauLac,* 2002 ND 126, ¶ 19, 649 N.W.2d 210. However, a trial court cannot ignore evidence of family abuse, and when the trial court fails to address the evidence of domestic violence it may be necessary to reverse and remand the case for a redetermination of the custody issue. *Helbling v. Helbling,* 532 N.W.2d 650, 653 (N.D.1995).

[¶ 7] Regarding the issue of domestic violence, the trial court made the following specific finding of fact:

> j. *As to the evidence of domestic violence,* the Court does not find any credible evidence of a pattern of domestic violence or any credible evidence that would support a finding of domestic violence as to either individual, although there have been allegations (made by both individuals) of each acting in a less than perfect fashion.

(Emphasis in original.) There was some conflicting evidence about family abuse introduced in this case. Jessica Gonzalez asserted that on one occasion their son suffered a cut lip when his father struck him in the mouth. Francisco Gonzalez denies ever having struck the child. Jessica Gonzalez also testified that on various occasions Francisco was abusive to her by pushing and shoving her and by grabbing her hair. Francisco Gonzalez testified that there were some incidents of the parties being involved in physical skirmishes but Jessica Gonzalez was the aggressor. Jes-

sica Gonzalez introduced photographic evidence of a bruise on her stomach, which she testified was caused by Francisco. He denies that he caused any bruising to her, but concedes that on one instance he attempted to push her away with his open hands after she had struck him. While the trial court's finding on this issue is not extensive, we are able to glean from it that the trial court did not believe the evidence of abusive behavior in this case demonstrates a pattern of domestic violence by either party or an incident of violence which resulted in serious bodily injury so as to trigger the presumption under N.D.C.C. § 14–09–06.1(j) against awarding one of the parties custody. We, therefore, hold the trial court did not err in refusing to apply the presumption under the statute in this case.

IV

[¶ 8] Jessica Gonzalez asserts the trial court's award of custody is clearly erroneous, because the court inappropriately weighed the relevant factors and viewed more favorably Francisco Gonzalez's ability to have custody of the child. We exercise a limited review of child custody awards in divorce cases. *Schmidt v. Schmidt*, 2003 ND 55, ¶ 5, 660 N.W.2d 196. A custody determination is a finding of fact that will not be set aside on appeal unless it is clearly erroneous. *Id.* The trial court's findings of fact are presumptively correct, and we view the evidence in the light most favorable to those findings. *Id.* In making an initial custody determination, the trial court must consider all the factors specified in N.D.C.C. § 14–09–06.2(1) and base its decision on the best interests and welfare of the child. *Id.* at ¶ 6. The trial court's choice between two permissible views of the evidence is not clearly erroneous. *Tishmack v. Tishmack,* 2000 ND 103, ¶ 7, 611 N.W.2d 204.

[¶ 9] In this case, the trial court made specific findings with respect to each factor under the statute. The trial court found that seven of the best interest factors favored Francisco Gonzalez, none of the factors favored Jessica Gonzalez, and six of the factors were neutral and did not favor either party. The court clearly considered and carefully weighed all the relevant factors in deciding this issue.

[¶ 10] In a bench trial, the trial court is the determiner of credibility issues and we do not second guess the trial court on its credibility determinations. *McDowell v. McDowell,* 2003 ND 174, ¶ 16, 670 N.W.2d 876. In this case, the trial court's "Findings of Fact, Conclusions of Law and Order For Judgment and Judgment" is 29 pages in length. We note that 14 of the 29 pages contain a mere recitation of the evidence presented at trial. A trial court's recitation or summary of testimony presented at trial does not satisfy the requirement that findings of fact must be stated with specificity. *Smith Enterprises, Inc. v. In–Touch Phone Cards, Inc.,* 2004 ND 169, ¶ 14, 685 N.W.2d 741.

[¶ 11] However, the court also made specific factual findings on each of the relevant factors in N.D.C.C. § 14–09–06.2 for making a custody decision. The trial court found that both parents have love, affection, and emotional ties to their son. However, the court found Francisco Gonzalez's general stability and disposition make him better able to provide for his son's material needs. The court also found that Jessica Gonzalez has had numerous instances of being unable to tell the truth which resulted in her being involuntarily separated from the Air Force. The court found that from the standpoint of mental and physical health as well as moral fitness Francisco Gonzalez is the more fit parent. The court also expressed concern that if Jessica Gonzalez were awarded custody

she would probably make visitation between the child and Francisco Gonzalez difficult, but the court found that Francisco Gonzalez recognizes the importance of the child's visitations with the noncustodial parent.

[¶ 12] We conclude the record evidence supports the court's findings. The trial court's choice for custody between two fit parents is a difficult one, and this Court will not retry the case or substitute its judgment for that of the trial court where, as here, its determination is supported by the evidence. *Krank v. Krank*, 2003 ND 146, ¶ 14, 669 N.W.2d 105. We hold the trial court properly considered the relevant factors for deciding custody and its decision to award custody to Francisco Gonzalez is not clearly erroneous.

V

[¶ 13] Affirmed.

[¶ 14] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, and MARY MUEHLEN MARING, JJ., concur.