# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2020 ND 18

| | |
|---|---|
| Matthew Adam Thomas, | Plaintiff and Appellant |
| v. | |
| SummerLee Candy Thomas, | Defendant |
| and | |
| State of North Dakota, | Statutory Real Party in Interest |

### No. 20190094

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Steven L. Marquart, Judge.

AFFIRMED, AS MODIFIED, WITH INSTRUCTIONS.

Opinion of the Court by McEvers, Justice.

Tasha M. Gahner, Fargo, ND, for plaintiff and appellant; submitted on brief.

**McEvers, Justice.**

[¶1]   In *Thomas v. Thomas*, 2019 ND 299, 936 N.W.2d 109, this Court affirmed a civil judgment in part and remanded with instructions while retaining jurisdiction under N.D.R.App.P. 35(a)(3).   After the district court made amended findings and conclusions in accordance with the instructions, Matthew Thomas argues there are additional errors in the amended findings and conclusions.   We affirm, as modified, with instructions.

[¶2]   Matthew Thomas and SummerLee Thomas were married in 2008 and have two children, H.M.T. and C.M.T.   In 2018, a divorce was initiated and following trial in February 2019, the district court issued a judgment, granting the parties joint residential responsibility of the children.   Matthew Thomas appealed the judgment and argued the court erred in applying the best interest factors. Matthew Thomas argued factors (a) and (c) were not supported by the evidence.   He also argued the court erred in applying factor (j) by not applying a pattern of domestic violence.   He additionally argued the court erred by failing to include all of the stipulated parenting plan or make findings that the terms were not in the children's best interests.   This Court affirmed the court's finding on factors (a) and (c), but remanded with instructions for the court to further specify its reasoning on factor (j) and to include the stipulated parenting plan or make findings that the terms were not in the best interests of the children.   *Thomas*, 2019 ND 299, ¶¶ 7, 11, 14, 936 N.W.2d 109.

I

[¶3]   Matthew Thomas argues the district court erred by finding there was domestic violence, but the violence was not a pattern that triggered the statutory presumption that the parent perpetrating domestic violence may not be awarded residential responsibility of the child.

[¶4]  A district court's determination whether the domestic violence presumption is applicable under N.D.C.C. § 14-09-06.2(1)(j) is a finding of fact which will not be reversed unless it is clearly erroneous.  *Gonzalez v. Gonzalez*,

2005 ND 131, ¶ 6, 700 N.W.2d 711. A court's findings on whether the evidence of domestic violence triggers the presumption under the statute require specific factual findings and conclusions regarding the presumption so we are not left guessing as to the court's reasoning for applying or not applying the presumption. *Id.*

> A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support it, or if the reviewing court, on the entire evidence, is left with a definite and firm conviction a mistake has been made. Under the clearly erroneous standard of review, we do not reweigh the evidence or reassess the credibility of witnesses, and we will not retry a custody case or substitute our judgment for a district court's initial custody decision merely because we might have reached a different result. A choice between two permissible views of the weight of the evidence is not clearly erroneous, and our deferential review is especially applicable for a difficult child custody decision involving two fit parents.

*Dickson v. Dickson*, 2018 ND 130, ¶ 7, 912 N.W.2d 321.

[¶5] On remand, the district court found SummerLee Thomas slapped Matthew Thomas on two occasions in front of the children, once in May 2017 and again in April 2018. The court concluded these two incidents do not trigger the presumption based on a pattern of domestic violence.

[¶6] Matthew Thomas contends the court's prior finding was SummerLee Thomas slapped Matthew Thomas "multiple times" which is contradictory from "two occasions" and the evidence on the record. "Multiple" means "more than one or once." *Webster's New World Dictionary* 935 (2d ed. 1980). Two occasions is more than one, or "multiple." On remand, the court was required to make specific findings regarding the presumption and concluded these two instances were domestic violence, but not a pattern within a reasonable time proximate to the proceeding. Matthew Thomas argues the evidence shows there were more than two instances, which creates a pattern. The instances Matthew Thomas asserts as domestic violence were "altercations" between SummerLee Thomas and her friend and her friend's husband and an "incident"

2

with her brother. These events either are not domestic violence or are not specific enough to leave us with a definite and firm conviction a mistake has been made. The parenting investigator found two instances of domestic violence. There is sufficient evidence to support the court's findings and the findings support the court's conclusion there was domestic violence, but the domestic violence was not a pattern. The court did not err.

## II

[¶7]   Matthew Thomas also argues the amended findings do not include all of the stipulated parenting plan terms or findings on why these terms are not in the children's best interests.

[¶8]   A district court is not bound to accept stipulations regarding custody and care of children if it finds it is not in the best interests of the child to do so. *Zeller v. Zeller*, 2002 ND 35, ¶ 16, 640 N.W.2d 53; *Tiokasin v. Haas*, 370 N.W.2d 559, 562 (N.D. 1985).

[¶9]   On remand, the district court included most of the provisions from the stipulation, but did not adopt the agreement verbatim. A court does not err by not adopting the exact language of the parties. With the exception of one provision, the court's language does not make substantive changes to the terms of the stipulation. Although the court did not err by using its own language to reflect the parties' stipulation, the court did not include "children's uninsured health care expenses" or make findings on why this provision was not incorporated. The court erred by not accepting this provision of the stipulation or making findings regarding why it was not in the best interests of the children. We direct the court to enter an amended judgment accepting the portion of the stipulation regarding "children's uninsured health care expenses."

3

## III

[¶10]  For the reasons discussed in this opinion, we affirm, as modified, with instructions.

[¶11]  Lisa Fair McEvers
Gerald W. VandeWalle
Daniel J. Crothers
Jerod E. Tufte
Jon J. Jensen, C.J.