# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

---

## 2025 ND 110

---

Stacey Douglas Kemp and Katie Jean Kemp,    Petitioners and Appellants

    v.

Kelsie Ann Kvislen,    Respondent

    and

Felix A. Jackson, III,    Respondent and Appellee

---

## No. 20240356

---

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable M. Jason McCarthy, Judge.

AFFIRMED.

Per Curiam.

Kelsey L. Hankey, Grand Forks, ND, for plaintiffs and appellants.

Felix A. Jackson, III, respondent and appellee; submitted on brief.

**Kemp, et al. v. Kvislen, et al.**
**No. 20240356**

**Per Curiam.**

[¶1]   Stacey Kemp and Katie Kemp (the "Kemps") appeal from a district court judgment denying their petition for nonparent custody of their niece. On appeal, the Kemps argue the court erred in denying their petition.

[¶2]   The Kemps are husband and wife. Katie Kemp is the sister of Kelsie Kvislen and the maternal aunt of Kvislen's minor child, B.I.K., born in 2019. In December 2023, the Kemps filed a petition for nonparent custody of B.I.K., seeking primary residential responsibility or, alternatively, liberal visitation. The Kemps also sought sole or joint legal custody and decision-making of B.I.K. After trial, the district court held it was in the best interests of B.I.K. that the petition be denied.

[¶3]   The Uniform Nonparent Custody and Visitation Act, N.D.C.C. ch. 14-09.4, establishes the legal framework for addressing custody and visitation petitions brought by nonparents. Under N.D.C.C. § 14-09.4-04, "a decision by a parent regarding a request for custody or visitation by a nonparent is presumed to be in the best interest of the child." The burden is on the nonparent to rebut this presumption by proving by clear and convincing evidence that custody or visitation by a nonparent is in the best interest of the child. *Id.*

[¶4]   A district court's custody determination is a finding of fact which this Court reviews under the clearly erroneous standard of review. *McAllister v. McAllister*, 2010 ND 40, ¶ 13, 779 N.W.2d 652; *see also Muchow v. Kohler*, 2021 ND 209, ¶ 5, 966 N.W.2d 910 (applying clearly erroneous standard of review to the district court's order denying nonparent visitation under N.D.C.C. ch. 14-09.4). We have explained:

> A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support it, or if the reviewing court, on the entire evidence, is left with a definite and firm conviction a mistake has been made. Under the clearly erroneous standard of review, we do not reweigh the evidence or reassess the

1

credibility of witnesses, and we will not retry a custody case or substitute our judgment for a district court's initial custody decision merely because we might have reached a different result.

*Thomas v. Thomas*, 2020 ND 18, ¶ 4, 937 N.W.2d 554 (quoting *Dickson v. Dickson*, 2018 ND 130, ¶ 7, 912 N.W.2d 321).

[¶5] We conclude the district court's custody determination is not clearly erroneous. We summarily affirm the judgment denying the Kemp's petition for nonparent custody under N.D.R.App.P. 35.1(a)(2).

[¶6]  Jon J. Jensen, C.J.
      Daniel J. Crothers
      Lisa Fair McEvers
      Jerod E. Tufte
      Douglas A. Bahr